IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br>vs.<br>MARLO HARPER,<br>a/k/a, Umar Amir Al-Sayyaad Allahdheen,<br>　　　　　　　Defendant. | NO.  CR21-4085-LTS<br><br>**MOTION TO DIMISS** |

Defendant, through the undersigned attorney, moves to dismiss the indictment:

1. This motion is admittedly untimely.  It is made after original counsel was withdrawn and new counsel appointed.  While brought after the deadline for filing such a motion, good cause exists for the delay.  Defendant asserted the issues herein to prior counsel, who failed to timely file.  This Motion is filed after Defendant alerted current counsel to the issues underlying this Motion.  Defendant alleges good cause under F.R.Cr.P. 12(b)(c), that being prior counsel's failure to file as Defendant alleged the grounds and that prior counsel was withdraw upon Defendant's pro se motion.   Good cause also exists based upon the new Constitutional analysis in *New York State Rifle and Pistol Assoc. v. Bruen*, _____ S.Ct. _____, No. 20-843, 2022 WL 2251305 (2022).

2. Following a second meeting with Defendant, counsel was advised by Defendant of his position regarding the indictment and the Constitutional violations for his possession of a firearm.  Plainly stated, this Motion to Dismiss is under Defendant's 1st amendment religious exercise right coupled with his 2nd Amendment right to bear arms in public self defense.

3. This Motion is also predicated upon the Supreme Court's recent decision in *Bruen*. In *Bruen*, the Supreme Court set forth a new limited test for prohibition against possessing firearms. In *Bruen,* the Court set forth that the Government bears the burden to justify prohibitions from possessing firearms, "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at *11. This demonstration by the Government would include Defendant's prohibition to possess based on his 1st Amendment freedom to exercise, which includes possession of firearms.

4. Defendant is indicted with two counts of possession of a firearm as a felon under 18 U.S.C. §922(g)(1). Defendant challenges the indictment facially and as-applied under both the 2nd Amendment and 1st Amendment. The Government will be unable to demonstrate that the prohibition against Defendant, on its face and as-applied, is historically consistent with prohibitions against an individual's religious excercise and self-defense while being a felon. Plainly stated, there is no historical basis for prohibition against felons, nor a historical basis to deny possession for religious exercise.

5. Attached hereto and incorporated in by reference is Exhibit A, which is his religious permit for religious armed self-defense. Defendant's as-applied violation is based on his 1st Amendment right to practice his religion, which includes the practice of Sharia Law and its adherence to armed self-defense (including the possession of a firearm).

6. As no historical "analogue" exists for prohibition against felons at the time of the drafting of the 1st and 2nd Amendments, the indictment here should be dismissed both facially and as-applied.

WHEREFORE, Defendant requests the above relief.

Respectfully submitted,

By ___/s/ Jared R. Weber_____
    Jared R. Weber
    209 First Street NE
    PO Box 412
    Orange City, IA 51041
    (712) 737-3887
    (712) 737-3886-fax
    jared@weberlawiowa.com
    ATTORNEY FOR DEFENDANT

Original Filed
Copy to: Ass't United States Attorney

| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 8/12/22 |
|---|
| By:   ☐ U.S. Mail     ☐ FAX <br>       ☐ Hand Delivered   ☐ EDMS <br>       X ECF/Pacer     ☐ Other: Email <br><br> Signature__ /s/ Jared R Weber_____ |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>vs.<br>MARLO HARPER,<br> a/k/a, Umar Amir Al-Sayyaad Allahdheen,<br>        Defendant. | NO. CR21-4085-LTS<br><br>**MEMORANDUM AND BREIF IN SUPPORT OF MOTION TO DISMISS** |

### INTRODUCTION AND SUMMARY

The United States Supreme Court issued in its opinion in *New York State Rifle & Pistol Association v. Bruen*, No. 20-843, __ U.S. __, 142 S. Ct. 2111, 2022 WL 2251305 (June 23, 2022), which significantly limited the prohibitions on firearm possession. *Bruen* significantly limited the test for whether a prohibition against possessing firearms is consistent with the Second Amendment's right to keep and bear arms. In *Bruen*, the Court held: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at *11. The *Bruen* Court also held that the Second Amendment protects an individual's right to keep and bear arms in public for self-defense. *Id.*

In this case, Defendant allegedly possessed a firearm for his public self-defense and pursuant to the exercise of his religion. Defendant is an adherent to Sharia Law and the strict practices of Islam. Part of his religious exercise dictates that he practices self-defense against threats of violence against his religious excercise. In this case, Defendant also allegedly possessed a firearm based on this stand-alone 2nd Amendment right, including self-defense,

independent of his freedom of religious exercise. It is the Government's burden to show §922(g)(1) is consistent with the "historical tradition of firearm regulation." The Government cannot prevail against a stand-alone 2nd Amendment claim as there is no historical tradition to bar firearm possession from felons, including self-defense. The Government cannot prevail against Defendant's 1st Amendment exercise as there is no historical tradition from prohibition of possession as integral to one's religious exercise. (Exhibit A). Because there is no "historical analogue" for § 922(g)(1), on its face, or as applied here, the prohibition against Defendant's possession of a firearm in § 922(g)(1) violates his 1st and 2nd Amendment rights, and the Court should dismiss the indictment.

### I. This motion is filed beyond the deadlines established by Fed.R.Crim.P. 12, but its untimeliness is for good cause

Defendant acknowledges this motion is beyond the deadline established by Fed.R.Crim.P. 12(b). Defendant raised these issues and his as-applied constitutional violations under the 1st Amendment to prior counsel. Prior counsel was discharged based on a pro se motion of Defendant for Defendant's allegation of refusal to effectively represent Defendant. Prior counsel should have timely filed Defendant's motion and did not. That failure is good cause to now file this Motion. Current counsel was apprised of this failure during a second meeting and after counsel accessed and obtained discovery. This Motion is brought as soon as practical from the date Defendant alerted current counsel to the defect and Constitutional issues surround his religious and 2nd amendment claims. Beyond the issues of prior counsel and the failure to raise the 1st Amendment claims, the decision in *Bruen* significantly altered the analysis for the Constitutionality of §922(g). This is akin to the intervening decision in *Rehaif,* wherein circuits have found it would have been an abuse of discretion to refuse to hear a Motion to Dismiss where *Rehaif* was decided prior to trial but outside the Rule 12 deadline. See, *United*

*States v. Maez,* 960 F.3d 949, 956 (7th Cir. 2020) and *United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th Cir. 2014) (finding good cause when intervening decisions change controlling case law). Finally, this Motion relates to important Constitutional issues which have broad public importance. This Court should accept this Motion as timely based on the combination of prior counsel's failure to timely file the Motion Defendant raised to him and the intervening nature of the *Bruen* decision.

### II. There is no historical analogue or basis for 18 U.S.C. §922(g)(1) against felons as consistent with *Bruen*

The Court in *Bruen,* affirmed its prior holdings that the 2nd Amendment provides persons with a personal and individual right to possess firearms. See, *McDonald v. Chicago*, 561 U.S. 742 (2010); *District of Columbia v. Heller*, 554 U.S. 570 (2008). The Court in *Bruen* extended the right to possession firearms in public and not simply in one's home. *Bruen* 2022 WL 2251305, at *15. The Court in *Bruen* by rejected the original appellate court's analysis, created a one-step test for determining a 2nd Amendment violation. That test is now a question of whether the conduct in question meets the plain text of the 2nd Amendment. Stated otherwise, can the government show the prohibition is "a well-established and representative historical analogue." *Id.* at *13. This new singular analysis abrogates *United States v. Joos*, 638 F. 3d 581 (8th Cir. 2011), wherein the 8th Circuit found that §922(g) did not violate the 2nd Amendment.

The *Bruen* analysis is to determine whether the "modern and historical regulation" in question, here §922(g), "impose[s] a comparable burden on the right of armed self-defense and whether that burden is comparably justified are 'central' considerations when engaging in a analogical inquiry." *Id.* This new limited test requires that the government show that §922(g) is analogous to a historical analogue for prohibition against felons possessing firearms for self-defense. Defendant asserts the government cannot prevail on both facial and as-applied grounds

to his individual right to public self-defense as a citizen or more particularly to his adherence to Sharia Law.

18 U.S.C. §922(g) is facially unconstitutional as lacking a historical analogue. Defendant acknowledges that in both *Heller* and *Bruen* the Court's statements (not analysis) conveys that it was not "cast[ing] doubt on longstanding prohibitions on possession of firearms by felons." Defendant asserts that §922(g)(1)'s constitutionality is still not settled as that issue was not squarely before the Court in *Heller* or *Bruen*. The dissent in *Bruen* noted the statute in New York that was found unconstitutional had more historical foundation than bans on firearm possession by felons. *Id* at *61. As the dissent suggests, because the New York statute with a longer history was unconstitutional, the analysis of the majority should equally apply to the historical basis for §922(g). The focal point of *Bruen* is the question of whether a categorical bar against possession of firearms is "consistent with this Nation's historical tradition of firearm regulation." *Id.* at *15. The government has the burden to show what historical basis there is to bar felons from possessing firearms for self-defense. While there is a history in various states and the Nation to bar various groups from possessing firearms, there is not a consistent historical basis to categorically bar felons.[1] The general nature of the long history of barring groups from possession is whether the government believed the group would use the firearm against the government, rather than the firearm being used against other citizens. The categorical barring of felons does not have a historical basis as a group that would use firearms against the government. Rather, felons are a group that by their nature are more likely to need self-defense against violence rather than categorically use it. Categorically, Defendant is in the class of people that

---

[1] There is a long history of barring various groups categorically, such as slaves, Indigenous peoples, and others. A link to the various laws existing historically in the various states and Nation are found at the following site: https://firearmslaw.duke.edu/repository/search-the-repository/

the 2nd Amendment deems has an individual right to self-defense by possession firearms. This Court should find that §922(g)(1) is facially unconstitutional and dismiss.

If the Court does not dismiss based on a facial challenge, §922(g) is unconstitutional as applied to Defendant, especially noting his coupled 1st Amendment exercise challenge. It is debatable who bears the burden to show an as-applied violation of Defendant's 2nd and 1st Amendment rights to possess a firearm. The 8th Circuit previously found that "to succeed on an as applied challenge, [defendant] must establish (1) that the Second Amendment protects his particular conduct, and (2) that his prior felony conviction is insufficient to justify the challenged regulation of Second Amendment rights." This decision created a two-step test similar to the very test that was rejected and replaced in *Bruen* by the singular test of whether the bar has a historical analogue. *Bruen*, 2022 WL 2251305 at *15. As such, it should be the government's burden regarding Defendant's as-applied burden as it is facially.

As discussed above, *Bruen* found that the 2nd Amendment's plain test protects the right to possession of firearms in public for self-defense. *Id.* In this case, Defendant asserts that as-applied his right to self-defense exists under his freedom to exercise his religion. Defendant's adherence to strict Sharia Law, includes his "sincerely held" religious belief in self protection against those that would endanger his religious practice. As shown in Exhibit A, Defendant's religious beliefs call upon his self defense. This Court should analyze his coupled 2nd and 1st Amendment claims by applying the compelling government interest standard as found in the Religious Freedom Restoration Act of 1993. 42 U.S.C. §2000bb-1. Defendant's own permit to carry applies a similar religious freed restoration act, that being the International Religious Freedom Act, Book of Tawheed. Because Defendant has a sincerely held religious belief in possession of a firearm (weapon), this court should find it violates his freedom to exercise his religion. Defendant's sincerely held beliefs are akin to those in *Cheema v. Thompson*, 67 F.3d

883, 885 (9th Cir. 1995), where the 9th Circuit found the state and local school district violated the rights of Sikh children whose religious practice required the possession of a particular knife or sword, known as a kirpan. The 9th Circuit found that the school and state law banning weapons in school violated the Sikh children's religious practice.

As applied to Defendant here, his sincerely held beliefs of self-defense, is rooted in his adherence to Islam and strict Sharia Law practice. Defendant's freedom to exercise his religion is strengthened by the Supreme Court's decision in *Bruen* that individuals have a right of public self-defense. In this case, the public possession of a firearm for self-protection, consistent with Defendant's religious practice violated his 1st and 2nd Amendment Constitutional rights.

In addition to his coupled religious exercise as-applied violation, Defendant's convictions are not the type of convictions that that are historically analogous to the types of categorical bar that *Bruen* contemplates. The Indictment lists two convictions, Assault in the Second Degree (Ramsey County, Minnesota No. 62K304003791) and Theft (Tarrant County, Texas No. 9133612633). These are felony offenses, but such offenses are not the types of offenses that are historically analogous to the types of groups that would use firearms against the government.

## CONCLUSION

For all of the above stated reasons, this Court should dismiss the Indictment.

Respectfully submitted,

By ___/s/ Jared R. Weber_____
Jared R. Weber
209 First Street NE
PO Box 412
Orange City, IA 51041
(712) 737-3887
(712) 737-3886-fax
jared@weberlawiowa.com
ATTORNEY FOR DEFENDANT

Original Filed
Copy to: Ass't United States Attorney

| | | |
|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 8/12/22 | | |
| By: | ☐ U.S. Mail | ☐ FAX |
| | ☐ Hand Delivered | ☐ EDMS |
| | X ECF/Pacer | ☐ Other: Email |

Signature  /s/ Jared R Weber