# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARLO HARPER, <br><br> Defendant. | Case No. 21-CR-4085-LTS-KEM <br><br> **REPORT AND RECOMMENDATION** |

Defendant Marlo Harper moves to dismiss the indictments charging him with possession of a firearm by a felon and unlawful drug user, in violation of 18 U.S.C. § 922(g)(1) and (3). Docs. 6, 28, 37. He acknowledges that the motion is untimely but argues that good cause exists to extend the pretrial-motions deadline. He argues that the charges violate his right to bear arms under the Second Amendment and his religious rights under the Free Exercise Clause of the First Amendment and the Religious Freedom Restoration Act (RFRA). The Government resists. Doc. 38. I recommend **denying** the motion (Doc. 37).

## I.    PRETRIAL MOTION DEADLINE

The pretrial-motions deadline expired in mid-January, more than six months before Harper filed the motion to dismiss in mid-August. Doc. 20. Harper argues good cause exists to extend the deadline because he raised these arguments to prior counsel, who refused to raise them via motion and was ultimately discharged due to a "breakdown of communication." Docs. 31, 32. Current counsel was appointed in mid-May and indicates Defendant first raised these issues to him during their second meeting. Defendant also argues good cause exists based on intervening Supreme Court precedent

on the Second Amendment, *New York State Rifle & Pistol Association v. Bruen*,[1] issued on June 23, 2022, after the expiration of the pretrial-motions deadline.

The Government responds that Harper's motion is untimely and that good cause does not exist to extend the deadline. The Government relies on *United States v. Dabney*, in which the Eighth Circuit noted "appointment of new counsel is not good cause for filing an untimely motion."[2] In that case, the court held even if appointment of counsel could sometimes justify an extension, good cause would not exist because defendant filed his "routine suppression motion" seven months after the appointment of new counsel and two months before trial, despite previously receiving a seven-month trial continuance.[3] The Government also argues *Bruen* does nothing to undermine felon-in-possession laws and therefore does not justify the late filing.

I do not find good cause exists to extend the pretrial-motions deadline. *Bruen* did not overrule the Supreme Court's prior Second Amendment cases in *Heller* (by Justice Scalia) and *McDonald* (by Justice Alito), in which the Court emphasized that the Second Amendment "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill.'"[4] And *Bruen*'s issuance does not explain Harper's failure to raise his RFRA argument earlier in time. Although Harper suggests he raised his concerns to both prior and current counsel in a timely manner, current counsel waited almost three months after his appointment to file the motion to dismiss (and almost two months after the issuance of *Bruen*), despite a

---

[1] 142 S. Ct. 2111 (2022).

[2] 42 F.4th 984, 989 (8th Cir. 2022).

[3] *Id.*

[4] ***McDonald v. City of Chicago***, 561 U.S. 742, 786 (2010); *accord* ***D.C. v. Heller***, 554 U.S. 570, 626-27 (2008)*; see also **Bruen***, 142 S. Ct. at 2161 (Kavanaugh, J., concurring, joined by Roberts, C.J.*)* (reaffirming the constitutionality of felon-in-possession laws)

2

continuance motion in mid-July indicating counsel had fully assessed the case materials. Doc. 35.

Thus, Harper's motion to dismiss can be denied as untimely.

## II. SECOND AMENDMENT & RFRA CLAIMS

Even if I were to find good cause existed for the late filing, Harper's motion fails on the merits. Harper argues that the charges violate his Second Amendment right to bear arms, citing the Supreme Court's recent decision in *Bruen*. Harper argues that under *Bruen*, laws banning the possession of firearms are invalid unless "consistent with this Nation's historical tradition of firearm regulation."[5] Harper argues that "there is not a consistent historical basis to categorically bar felons" from firearm possession and that his prior felony convictions—for assault in the second degree under Minnesota law and theft under Texas law—"are not the types of offenses that are historically analogous to the types of groups that would use firearms against the government." Doc. 37.

Pre-*Bruen*, the Eighth Circuit repeatedly denied Second Amendment challenges to § 922(g).[6] And post-*Bruen*, at least two district courts have recognized "the historical conclusion that dangerous or unvirtuous citizens" could be barred from owning guns, upholding the constitutionality of § 922(g).[7] In addition, even before the Supreme Court

---

[5] 142 S. Ct at 2126.

[6] *See United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (noting the court had "rejected a facial challenge to § 922(g)(1)'s felon-in-possession ban"); *United States v. Taylor*, 695 F. App'x 988, 991-92 (8th Cir. 2017) (rejecting defendant's argument that "§ 922(g)(1) is unconstitutional as applied to him because he [wa]s a non-violent felon" after noting that violations of the statute defendant was previously convicted under "present a serious potential risk of physical injury to another" and that he was therefore a violent felon (cleaned up)); *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010) (rejecting facial challenge to § 922(g)(3)'s drug-user ban).

[7] *United States v. Daniels*, No. 1:22-cr-58-LG-RHWR-1, 2022 WL 2654232, at *3-4 (S.D. Miss. July 8, 2022) (rejecting challenge to ban on drug users possessing firearms and also suggesting ban on felons possessing firearms constitutional); *see United States v. Jackson*, No. CR-22-59-D, 2022 WL 3582504, at *3 (W.D. Okla. Aug. 19, 2022) (rejecting challenge to ban on

3

issued *Bruen*, many circuit courts considered "the historical justification for stripping felons . . . of their Second Amendment rights," concluding "that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens'" (such as felons and drug users) historically.[8] Here, Harper is alleged to be a drug user and violent felon—contrary to Harper's argument otherwise, second degree assault under Minnesota law is a violent felony, as it requires assaulting another person "with a dangerous weapon."[9] I do not find *Bruen* overrules established precedent upholding bans on drug users or violent felons possessing firearms. Therefore, I recommend rejecting Harper's Second Amendment challenge.

Harper also argues that the charges should be dismissed under the Free Exercise Clause of the First Amendment and the RFRA. Harper contends that the charges violate his religion, as he is a Muslim who practices "Sharia Law and its adherence to armed self-defense (including the possession of a firearm)." Doc. 37. He included as an exhibit a "nonphoto religious identification card" authorizing the "Muslim bearer" of the card to carry a firearm. Doc. 37-1.

The Supreme Court held in 1990 that "[t]he right of free exercise [of religion under the First Amendment] does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)."[10] In response,

---

possessing firearms by those convicted of misdemeanor crimes of domestic violence and also suggesting ban on felons possessing firearms constitutional).

[8] ***Binderup v. Att'y Gen. United States of Am.***, 836 F.3d 336, 348 (3d Cir. 2016) (quoting ***United States v. Yancey***, 621 F.3d 681, 684-85 (7th Cir. 2010)) (collecting cases and law review articles).

[9] **Minn. Stat. § 609.222**; *see also **United States v. Lindsey***, 827 F.3d 733, 739-40 (8th Cir. 2016) (holding that second degree assault under Minnesota law is a violent felony for purposes of the Armed Career Criminal Act).

[10] ***B.W.C. v. Williams***, 990 F.3d 614, 620 (8th Cir. 2021) (quoting ***Employment Div. v. Smith***,

4

Congress enacted the RFRA.[11] "As an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely [under the RFRA] must establish that the action substantially burdens his sincerely held religious belief."[12] The burden then shifts to the Government to prove that the challenged action "is the least restrictive means of furthering a compelling governmental interest."[13] A criminal defendant may raise the RFRA as a defense to federal criminal prosecutions.[14]

I assume, without deciding, that Harper has a sincerely held religious belief in carrying a firearm for self-defense.[15] I do not find that the prohibition against drug users carrying firearms poses a "substantial burden" on Harper's right to exercise his religion, as he does not contend that using illegal controlled substances is part of his religion. But Harper's status as a felon, unlike drug use, is immutable, and I do find that being criminally prosecuted for carrying a firearm based on that status poses a substantial burden.

Harper does not seriously dispute that § 922(g) protects the Government's compelling interest in promoting public safety and preventing crime. And indeed, courts have found § 922(g) serves a compelling governmental interest in the context of early Second Amendment challenges to that statute.[16] The issue then becomes whether § 922(g)(1) imposes the least restrictive means of achieving that interest.

---

494 U.S. 872, 879 (1990)).

[11] *Tanzin v. Tanvir*, 141 S. Ct. 486, 489 (2020).

[12] *United States v. Ali*, 682 F.3d 705, 709 (8th Cir. 2012) (quoting *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997)).

[13] *Id.* at 711 (cleaned up) (quoting **42 U.S.C. §2000bb-1(b)**).

[14] *See id.* at 709.

[15] I did not hold an evidentiary hearing on the motion.

[16] *See, e.g.*, *United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004) (upholding § 922(g)(1) as narrowly tailored after noting "a felon has shown manifest disregard for the rights of others"

In *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, the Supreme Court recognized that the Government may have a "compelling interest in uniform application of a particular program" if "granting the requested religious accommodations would seriously compromise its ability to administer the program."[17] But in that particular case, the Court rejected the Government's argument that its interest in the uniform application of controlled-substances laws justified its refusal to make an exception for plaintiffs who used a psychedelic tea during their religious services.[18] The Court noted that the statutory exemption allowing tribes to use peyote as part of their religious ceremonies, a similar drug to the psychedelic tea, undercut the Government's argument that the Controlled Substances Act necessitates "a closed regularity system that admits of no exceptions under [the] RFRA."[19]

Here, however, I find that the Government's interest in protecting the public could not be accomplished without prosecuting Harper. As the Eleventh Circuit recently noted, when considering whether lesser restrictive alternatives exist as part of a RFRA defense to a criminal prosecution, "the proposed alternative need[s] to accommodate both the religious exercise practiced in [the particular] case . . . and simultaneously achieve the government's compelling interests."[20] Under the facts here, Harper seeks an

---

and "may not justly complain of the limitation on his liberty when possession of firearms would otherwise threaten the security of his fellow citizens").

[17] 546 U.S. 418, 435 (2006).

[18] *Id.* at 425, 437.

[19] *Id.* at 434-37; *see also* **Burwell v. Hobby Lobby Stores, Inc.**, 573 U.S. 682, 730-32 (2014) (noting statute requiring employers to pay for health-insurance coverage that violated their religious beliefs contained an exception for nonprofit religious organizations and holding this exception could be extended to for-profit employers to protect both government's interest and for-profit employers' religious rights).

[20] **United States v. Grady**, 18 F.4th 1275, 1287 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 2871 (2022).

accommodation allowing him to carry a firearm to use in self-defense, despite his status as a violent felon, without being subject to other federal firearm regulations (and likely obtained via the black market)[21] and while using marijuana, driving, and violating traffic laws (he went straight through an intersection from the turn lane). Doc. 2. Granting an exception to Harper would not protect the Government's compelling interest in public safety.[22]

Harper cites *Cheema v. Thompson*, in which the Ninth Circuit noted it had previously held the defendant school district had not proven its "total ban of all weapons, including knives, from school grounds"—and its refusal to provide an exception to students whose religious beliefs required them to carry a ceremonial knife on their person at all times—was the least restrictive means of promoting student safety.[23] On remand, the district court found the following alternative would protect the students' religious

---

[21] *See* ***HF756 – Iowa's New Weapon Permit Law***, Iowa Department of Public Safety, https://dps.iowa.gov/hf756-iowas-new-weapon-permit-law (last accessed August 29, 2022) (noting that although Iowa does not require a permit to purchase or carry a firearm, Iowans purchasing firearms must still undergo a background check as required by federal law).

[22] *See also* ***Grady***, 18 F.4th at 1287, 1289 (holding that "[t]he need for the uniform application of laws prohibiting unauthorized entry on naval base property" was "the least-restrictive means of achieving the government's compelling interest in national security" when defendants trespassed onto naval base containing nuclear weapons in the middle of the night and destroyed property by cutting fencing and using spray paint); ***United States v. Anderson***, 854 F.3d 1033, 1035-37 (8th Cir. 2017) (holding that prosecution for heroin distribution was least restrictive means of promoting government's interest in "mitigating the risk that heroin will be diverted to recreational users" when defendant distributed heroin to those who did not share in his religion); ***United States v. Lafley***, 656 F.3d 936, 941-42 (9th Cir. 2011) (holding that when "the law prohibits *all* defendants on supervised release from using controlling substances," the RFRA did not require government to grant an exception to defendant, a convicted drug dealer, allowing him to use marijuana in accordance with his religious beliefs); ***United States v. Oliver***, 255 F.3d 588, 589 (8th Cir. 2001) (per curiam) (pre-*Gonzales*) *(*upholding conviction for killing a bald eagle, despite defendant's argument that his religious activities were frustrated by the slow permitting process in which he waited up to three years to obtain eagle parts that he needed to exercise his religion).

[23] 67 F.3d 883, 884-85 (9th Cir. 1995), *abrogated by* ***City of Boerne v. Flores***, 521 U.S. 507 (1997) (holding the RFRA unconstitutional as applied to state action).

rights while also ensuring student safety: the religious students could carry a knife with a dull blade sewed tightly into a sheath and worn underneath their clothing; school officials could conduct periodic inspections to confirm these requirements were met; and if a student violated these conditions, they would lose the right to carry the knife.[24] The Ninth Circuit rejected the school district's challenge on appeal.[25]

*Cheema* is inapposite. Here, Harper does not argue that his religious beliefs require him to carry a weapon for ceremonial purposes; rather, he argues he must carry a weapon to use it if necessary for self-defense. In addition, Harper did not possess a weapon in the controlled environment of a school, subject to periodic checks to ensure the weapon could not be readily used; he was allegedly found with a firearm in his car while driving and using marijuana. *See* Doc. 2.

I recommend rejecting Harper's First Amendment and RFRA challenge.

### III. CONCLUSION

I recommend **denying** Harper's motion to dismiss (Doc. 37).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[26] Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the

---

[24] *Id.* at 886.

[25] *Id.*

[26] **LCrR 59**.

objections.[27] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[28]

**SO ORDERED** on September 9, 2022.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[27] *See* **Fed. R. Crim. P. 59**.

[28] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

9

Case 5:21-cr-04085-LTS-KEM    Document 39    Filed 09/09/22    Page 9 of 9